IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NANCY ALANIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-23-CV-749-FB |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, as Successor Trustee to BANK OF AMERICA, NATIONAL ASSOCIATION, As Successor by Merger to LASALLE BANK, N.A. As Trustee for THE MLMI TRUST SERIES 2006-HE6; and NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER, | § § § § § § § § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on January 31, 2024 (docket #61); Plaintiff Nancy Alanis' Objections to the Report and Recommendation of United States Magistrate Judge filed on February 13, 2024 (docket #68); and Defendants U.S. Bank and Nationstar Mortgage LLC's Response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation filed on February 27, 2024 (docket #75).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires *de novo* review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Bemporad recommends to this Court that Plaintiff's Motion for Summary Judgment (docket #4) be DENIED without prejudice as premature and that Defendants' Motion to Dismiss (docket #38) be: (1) GRANTED IN PART to the extent the Plaintiff has not complied with Federal Rule of Civil Procedure 8(a)(2); (2) DENIED IN PART to the extent that Defendants argue the Plaintiff may not proceed with this case without first obtaining the Court's permission; and (3) DENIED AS MOOT IN PART as to Defendants' *res judicata* and statute of limitations defenses.

The Court has reviewed the Plaintiff's objections and the Defendants' response and has conducted a de novo review of those issues raised by the Plaintiff. The Court finds, after careful consideration of the record and the Report and Recommendation, that the Plaintiff's objections lack merit and are overruled. Therefore, the Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation (docket #61), incorporates herein the arguments and authorities presented in Defendants U.S. Bank and Nationstar Mortgage LLC's Response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation (docket #75) and finds the recommendation should be accepted such that: (1) Plaintiff's Motion for Summary Judgment (docket #4) is DENIED WITHOUT PREJUDICE as premature and (2) Defendants' Motion to Dismiss (docket #38) is GRANTED IN PART such that

Plaintiff's Verified First Amended Complaint (docket #32) is DISMISSED WITHOUT PREJUDICE for the failure to comply with Federal Rule of Civil Procedure 8(a)(2); DENIED IN PART as to the argument that Plaintiff may not proceed with this case without first obtaining the Court's permission; and DENIED IN PART AS MOOT as to Defendants' *res judicata* and statute of limitations defenses. IT IS FURTHER ORDERED that Plaintiff is allowed to file a second amended complaint **limited to no more than 25 pages, including exhibits, which plainly and concisely states all of her claims**, if she chooses to continue this case.  Plaintiff shall file her second amended complaint within the parameters set forth above on or before **Monday, March 18, 2024**.  Failure to comply with this order will result in the case being dismissed for failure to prosecute and/or failure to comply with a court order.

It is so ORDERED.

SIGNED this 27th day of February, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE