IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NANCY ALANIS** § | | |
| § | | |
| Plaintiff § | CAUSE NO. 5:23-CV-00749-FB-HJB | |
| § | | |
| v. § | | |
| § | (Removed from the 45th Judicial District | |
| **U.S. BANK NATIONAL ASSOCIATION,** § | Court of Bexar County, Cause No. | |
| **AS SUCCESSOR TRUSTEE TO BANK OF** § | 2023C109925) | |
| **AMERICA, NATIONAL ASSOCIATION,** § | | |
| **AS SUCCESSOR BY MERGER TO** § | | |
| **LASALLE BANK, N.A., AS TRUSTEE** § | | |
| **FOR THE MLMI TRUST SERIES 2006-** § | | |
| **HE6** § | | |
| § | | |
| **NATIONSTAR MORTGAGE LLC d/b/a** § | | |
| **MR. COOPER** § | | |
| § | | |
| **PHH MORTGAGE CORPORATION;** § | | |
| **OCWEN LOAN SERVICING, LLC;** § | | |
| **WELLS FARGO BANK, N.A.; MARK D.** § | | |
| **CRONENWETT; MACKIE WOLF** § | | |
| **ZIENTZ & MANN, PC** § | | |
| § | | |
| Defendants | | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S LATEST MOTION TO LIFT STAY**

Nancy Alanis ("Plaintiff" or "Alanis") has *again* moved to lift the stay of this case. (Doc. 167.) The specious motion further demonstrates that Plaintiff's assault on the parties' (and Court's) time and resources knows no bounds. U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Successor by Merger to LaSalle Bank, N.A., as Trustee for MLMI Trust Series 2006-HE6 ("U.S. Bank"), and Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") (collectively, "Defendants") hereby submit this response in opposition to Plaintiff's "Motion for Leave to Lift the June 5, 2024 Text Stay Order to File Plaintiff's Motion for Inherent

1

Court Sanctions, and Hearing as to U.S. Bank and Nationstar." (Plaintiff's motion is filed at Doc. 167.)

## INTRODUCTION

Under this Court's text order dated June 5, 2024 (Doc. 125), discovery and other proceedings in this case are stayed pending the issuance of a Report and Recommendation on Defendants' Motion to Dismiss. Plaintiff's latest request to lift the stay provides no new or meritorious reason for such relief—Plaintiff has simply regurgitated the same tired and harassing arguments proffered to this Court (and others) in the past. Consequently, her motion to lift the stay should be denied.

### FURTHER BACKGROUND ON PLAINTIFF'S SERIAL BAD-FAITH FILINGS

On July 10, 2024, Plaintiff filed a motion to lift the stay. (Doc. 143.) On July 30, 2024, the Court issued a text order denying that motion. Undaunted, Plaintiff has now filed seven (7) additional motions to lift the stay, which are currently pending before the Court.[1] (Docs. 148, 149, 150, 153, 160, 163, and 167.) For the reasons set forth herein, Defendants request that the Court deny Plaintiff's latest motion to lift the stay.

(1) As noted, on June 5, 2024, the Court entered a text order staying discovery and proceedings in this case pending issuance of a Report and Recommendation on Defendants' Motion to Dismiss, which is filed at Doc. 101.

(2) Plaintiff now seeks a sprawling order from the Court for Defendants' alleged failure to send her Doc. 165 by certified mail.[2] Among other things, she is requesting that the Court "declare void and set aside" a September 2009 state-court order authorizing the foreclosure of her property, that the Court "declare void and set aside" the resulting foreclosure, and that the Court award pro se Plaintiff "all attorney fees incurred between 2010 and 2024." (Doc. 167 at pg. 17.)

---

[1] Plaintiff has clearly not heeded the warning that "the Court will no longer tolerate the needless multiplication of pleadings." (Order, Dkt. #115, at pg. 9.)

[2] Doc. 165 is Defendants' response in opposition to Plaintiff's "Motion for Leave to Lift the June 5, 2024 Text Stay Order to File Plaintiff's Motion for Inherent Court Sanctions, alternatively, Motion to Grant a Rule 60(b)(4) Motion as to U.S. Bank and Nationstar [Dkt. 120] and/or Permit Discovery."

(3)     Should the Court substantively consider Plaintiff's arguments, it will find there is no legitimate basis for the Court to lift the stay to allow Plaintiff to a motion for sanctions prior to the entry of a Report and Recommendation on Defendants' pending Motion to Dismiss. First, any request for this Court to reconsider the state-court foreclosure order now challenged by Plaintiff would be precluded by the *Rooker-Feldman* doctrine that deprives this Court of subject matter jurisdiction.[3]

(4)     In addition, Plaintiff seems to seek sanctions against the undersigned attorney because he acted as counsel for Defendants in the case ultimately styled *Alanis v. U.S. Bank, N.A.*, No. 04-21-00021-CV, 2022 WL 3907925 (Tex. App.—San Antonio, Aug. 31, 2022, pet. denied) (affirming trial court's grant of summary judgment on res judicata grounds). That alone, of course, cannot provide the grounds for sanctions. *See, e.g.*, *Omni Elevator Corp. v. Int'l Union of Elevator Constructors*, 2022 WL 780272, at *2 (W.D.N.Y. 2022) (delving into the requirements and nuances of Fed. R. Civ. P. 11).

(5)     Further, Plaintiff's latest motion seeks sanctions against the undersigned attorney upon allegations that Doc. 165 was not properly served on her. Indeed, on August 14, 2023, Judge Henry J. Bemporad ordered that "Defendants must serve Plaintiff via certified mail at her address P.O. Box 15521, San Antonio, Texas 78212." (Dkt. 27.) Here, Doc. #165 was filed on January 17, placed in the mail that same day, and picked up for delivery on January 21 due and owing to the U.S. Postal Service being closed on January 20 (Martin Luther King, Jr. Day).[4] In other words,

---

[3] Under the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. *See* 28 U.S.C. § 1257(a). "The *Rooker-Feldman* doctrine … is confined to cases … brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). A state court judgment is attacked for purposes of *Rooker-Feldman* "when the [federal] claims are inextricably intertwined with a challenged stated court judgment." *Weaver v. Tex. Capital Bank, N.A.,* 660 F.3d 900, 904 (5th Cir. 2011).

[4] **Ex. A** – Certified Mail Receipt (Jan. 21, 2025).

Plaintiff's latest motion is chock-full of misrepresentation and bad-faith arguments that cannot support the lifting of the stay.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to lift the stay, which she filed at Document No. 167.

Dated:  February 10, 2025                                     Respectfully submitted,

/s/ *Matthew D. Durham*
**MATTHEW D. DURHAM SBN**: 24040226
mdurham@mcguirewoods.com
**MCGUIREWOODS LLP**
2601 Olive Street #2100
Dallas, TX 75201
Tele. 214.932.6400
Fax   214.932.6499

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on February 10, 2025, the undersigned has served the foregoing document via electronic filing and/or US Mail on the persons listed below:

*Sent Certified Mail*
Nancy Alanis
PO Box 15524
San Antonio, TX 78212
210-226-2666
Nalanis12@yahoo.com
**PLAINTIFF PRO SE**

                                        */s/ Matthew D. Durham*
                                        **MATTHEW D. DURHAM**