UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NANCY ALANIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-23-CV-749-FB-HJB |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, as | § | |
| Successor Trustee to Bank of America, National | § | |
| Association, as Successor by Merger to LaSalle | § | |
| Bank, N.A. as Trustee for the MLMI Trust Series | § | |
| 2006-HE6; NATIONSTAR MORTGAGE LLC | § | |
| d/b/a Mr. Cooper; PHH MORTGAGE | § | |
| CORPORATION, Successor by Merger to Ocwen | § | |
| Loan Servicing, LLC; OCWEN LOAN | § | |
| SERVICING, LLC; WELLS FARGO BANK, | § | |
| N.A.; MARK D. CRONENWETT; and MACKIE | § | |
| WOLF ZIENTZ & MANN, PC as Debt Collector, | § | |
| | § | |
| Defendants. | § | |

**SHOW CAUSE ORDER**

Before the Court is the status of Plaintiff's service of process on Defendant Mackie Wolf Zientz & Mann, PC ("Mackie Wolf"). Pretrial matters have been referred to the undersigned for consideration. (Docket Entry 6.) For the reasons set out below, the Court orders Plaintiff to show cause why her claims against Mackie Wolf should not be dismissed for lack of service.

Plaintiff originally filed suit in state court. (Docket Entry 1-3, at 2.) Mackie Wolf was not a Defendant at that time. After the case was removed to this Court, Plaintiff filed a 647-page amended complaint—including attachments—that added Mackie Wolf as a Defendant. (Docket Entry 32.) The undersigned recommended that the complaint be dismissed under Federal Rule of Civil Procedure 8(a)(2). (Docket Entry 61.) While the report and recommendation was pending, Plaintiff filed an "Affidavit of Non-Service," describing three unsuccessful attempts by Plaintiff's

process server to deliver the summons and amended complaint on Mackie Wolf. (Docket Entry 71.) That same day, Plaintiff moved for an extension of time to complete service on Mackie Wolf, and for permission to use alternate forms of service. (Docket Entry 73.) Seven days later, the Court adopted the undersigned's report and recommendation, dismissed Plaintiff's complaint, and ordered her to file a second amended complaint of no more than 25 pages. (Docket Entry 81.)

Plaintiff filed her second amended complaint on March 18, 2024. (Docket Entry 94.) On May 2, 2024, the undersigned dismissed as moot Plaintiff's motion for extension of time to complete service of her first amended complaint on Mackie Wolf, explaining that her first amended complaint had been superseded by her second amended complaint. (Docket Entry 115, at 8.) It has now been more than eleven months since Plaintiff filed her second amended her complaint, and she has yet to file any proof of service on Mackie Wolf. (*See* Docket Entry 94–170.)

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against hat defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Proof of good cause requires at least as much as would be required to show excusable neglect." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and internal quotation marks omitted). It also requires "some showing of good faith . . . and some reasonable basis for noncompliance within the time specified." *Id.* (citations and internal quotation marks omitted). "A litigant's pro se status neither excuses [her] failure to effect service nor excuses [her] for lack of knowledge of the Rules of Civil Procedure." *Id.*

Accordingly, **on or before March 10, 2025**, Plaintiff must **SHOW CAUSE** why her claims against Mackie Wolf should not be dismissed without prejudice for lack of service. Plaintiff's

response, including attachments, **shall not exceed 10 pages—using 12 point, double spaced, Times New Roman font.** Any response that fails to strictly comply with this Order will be stricken.

It is so **ORDERED**.

**SIGNED** on February 25, 2025.

Henry J. Bemporad
United States Magistrate Judge