IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NANCY ALANIS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-23-CV-749-FB |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, as § | |
| Successor Trustee to BANK OF AMERICA, § | |
| NATIONAL ASSOCIATION, As Successor by § | |
| Merger to LASALLE BANK, N.A. As Trustee for § | |
| THE MLMI TRUST SERIES 2006-HE6; and § | |
| NATIONSTAR MORTGAGE, LLC d/b/a § | |
| MR. COOPER, PHH MORTGAGE § | |
| CORPORTION, Successor by Merger to Ocwen § | |
| Loan Servicing, LLC; OCWEN LOAN § | |
| SERVICING, LLC; WELLS FARGO BANK, § | |
| N.A.; MARK D. CRONENWETT; and MACKIE § | |
| WOLF ZIENTZ & MANN, PC as Debt Collector, § | |
| § | |
| *Defendants*. § | |

## <u>ORDER ACCEPTING REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE</u>

Before the Court are: (1) the Report and Recommendation of United States Magistrate Judge filed on September 8, 2025 (docket #192); (2) Plaintiff's Response to Magistrate, Motion Requesting Granting Rule 59(e) Motion, Re-urging Motion to Amend Complaint, and Alternatively, Motion to Abate the Legal Proceeding filed on September 22, 2025 (docket #197); (3) Defendants' Response to Plaintiff's Objection (at docket #197) to Magistrate's Report and Recommendation filed on September 29, 2025 (docket #198); (4) Plaintiff Nancy Alanis' Reply to Defendants Wells Fargo and PHH Mortgage (at docket #198) filed on October 6, 2025 (docket #203); (5) the Report and Recommendation of United States Magistrate Judge filed on October 2, 2025 (docket #200); and (6) Plaintiff's Response and Opposition to Report and Recommendation of United States Magistrate Judge Dated October 2, 2025 filed on October 23, 2025 (docket #205).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires *de novo* review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report filed on September 8, 2025, (docket #192) Magistrate Judge Bemporad recommends to this Court that Plaintiff's Rule 59(e) Motion (docket #182), and Plaintiff's Motion Re-Urging Rule 59(e) Motion and to Amend Complaint to Comply with In Rem and Adverse Possession Jurisdiction (docket #187) be DENIED.  In the Report filed on October 2, 2025 (docket #200), Magistrate Judge Bemporad recommends that Plaintiff's claims against Mackie Wolf Zientz & Mann, PC, the sole remaining Defendant in this case, be dismissed without prejudice for lack of service pursuant to Federal Rule of Civil Procedure 4(m).

The Court has reviewed the Plaintiff's objections (docket numbers 197, 203, and 205) and has conducted a de novo review of those issues properly raised by the Plaintiff.  The Court finds, after careful consideration of the record and both of the Reports and Recommendations set forth above, that the Plaintiff's objections to both Reports lack merit and are overruled.  Therefore, the Court

hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation issued on September 9, 2025 (docket #192), incorporates herein the arguments and authorities presented in Defendants' Response to Plaintiff's Objection to Magistrate's Report and Recommendation filed on September 29, 2025 (docket #198), and finds the recommendation should be accepted such that Plaintiff's Rule 59(e) Motion (docket #182), and Plaintiff's Motion Re-Urging Rule 59(e) Motion and to Amend Complaint to Comply with In Rem and Adverse Possession Jurisdiction (docket #187) should be DENIED.

In addition, the Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation issued on October 2, 2025 (docket #200), and finds the recommendation should be accepted such that Plaintiff's claims against Mackie Wolf Zientz & Mann, PC, the sole remaining Defendant in this case, should be DISMISSED WITHOUT PREJUDICE for lack of service pursuant to Federal Rule of Civil Procedure 4(m). The Court also finds that Plaintiff's alternative request to abate this litigation (docket #197) should also be DENIED.

Accordingly, IT IS HEREBY ORDERED that: (1) the Report and Recommendation of the United States Magistrate Judge filed in this cause on September 9, 2025 (docket #192), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's Rule 59(e) Motion (docket #182), and Plaintiff's Motion Re-Urging Rule 59(e) Motion and to Amend Complaint to Comply with In Rem and Adverse Possession Jurisdiction (docket #187) are DENIED; (2) the Report and Recommendation of the United States Magistrate Judge filed in this cause on October 2, 2025 (docket #200), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's claims against Mackie Wolf Zientz & Mann, PC, the sole remaining Defendant in this case, are DISMISSED WITHOUT

PREJUDICE for lack of service pursuant to Federal Rule of Civil Procedure 4(m); and (3) Plaintiff's alternative request to abate this litigation (docket #197) is also DENIED.

Having disposed of all claims in this case, IT IS FURTHER ORDERED that this case is now CLOSED.  Motions pending, if any, are DENIED as moot.

It is so ORDERED.

SIGNED this 30th of November, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE